Michael Patrick O'Brien (USB #4894)
Mark D. Tolman (USB #10793)
Paul R. Smith (USB #14325)
JONES WALDO HOLBROOK & McDONOUGH, PC
170 S. Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
MTolman@joneswaldo.com

*Attorneys for Defendants Bridge House, LLC and James Healey*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LIBERTY LESTER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGE HOUSE, LLC, a Utah limited liability company, and JAMES HEALEY, an individual,<br><br>Defendants. | **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**<br><br>Civil No. 1:19-cv-00131 |

Defendant James Healey, by and through his undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves the Court to dismiss Plaintiff's sole claim against him, in which she seeks to impose individual liability under the federal Family Medical Leave Act (FMLA), even though he was only her supervisor.

**RELIEF SOUGHT**

In her Complaint, Plaintiff Liberty Lester alleges that Defendant Bridge House, LLC discriminated against and ultimately terminated her due to her pregnancy, in violation Title VII

1616645.1

Michael Patrick O'Brien (USB #4894)
Mark D. Tolman (USB #10793)
Paul R. Smith (USB #14325)
JONES WALDO HOLBROOK & McDONOUGH, PC
170 S. Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
MTolman@joneswaldo.com

*Attorneys for Defendants Bridge House, LLC and James Healey*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LIBERTY LESTER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGE HOUSE, LLC, a Utah limited liability company, and JAMES HEALEY, an individual,<br><br>Defendants. | **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**<br><br>Civil No. 1:19-cv-00131 |

Defendant James Healey, by and through his undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves the Court to dismiss Plaintiff's sole claim against him, in which she seeks to impose individual liability under the federal Family Medical Leave Act (FMLA), even though he was only her supervisor.

**RELIEF SOUGHT**

In her Complaint, Plaintiff Liberty Lester alleges that Defendant Bridge House, LLC discriminated against and ultimately terminated her due to her pregnancy, in violation Title VII

1616645.1

and the FMLA. She also alleges that Bridge House violated the Employee Retirement Income Security Act (ERISA) by failing to give her proper COBRA notice upon her termination.

But Lester only names Defendant James Healey in conjunction with one of her claims: the Second Cause of Action, in which she alleges that Bridge House interfered with her FMLA rights by terminating her before she could become eligible for FMLA leave. Lester claims that Mr. Healey is individually liable for that alleged interference because he was her supervisor when Bridge House terminated her employment.

Ms. Lester's claim against Mr. Healey fails on its face. The FMLA only imposes interference liability on "employers." While the FMLA includes individuals such as corporate officers and owners in its definition of employers, it does not include mere supervisors. Mr. Healey is not a corporate officer or owner of Bridge House—he was only Ms. Lester's supervisor. Thus he cannot be individually liable for any alleged interference with Ms. Lester's FMLA rights. Mr. Healey therefore requests that the Court dismiss all of Plaintiff's claims against him with prejudice.

## STATEMENT OF FACTS

1. Plaintiff Liberty Lester worked for Bridge House for less than one year. *See* Compl. ¶ 8.

2. Defendant James Healey was one of Ms. Lester's supervisors while she was employed at Bridge House. *See id.* ¶ 3. Ms. Lester does not allege that Mr. Healey is a corporate officer or owner of Bridge House.[1]

---

[1] Indeed, Ms. Lester *cannot* in good faith make this allegation. Mr. Healey is not, nor has he ever been, a corporate officer or owner of Bridge House. *See* Declaration of James Healey

1616645.1

3.  Bridge House terminated Ms. Lester's employment on August 24, 2018. *See id.* ¶ 27. Ms. Lester contends that Mr. Healey informed her of the termination.[2] *See id.*

4.  Ms. Lester's only claim against Mr. Healey is her Second Cause of Action for FMLA interference. *See id.* ¶¶ 45–53.

5.  Ms. Lester alleges that, "[b]y terminating [her], Defendants interfered with her attempt to exercise her right to leave protected by the FMLA." *See id.* ¶ 52.

## STANDARD

In analyzing the merits of a motion to dismiss, courts must accept "all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Baca v. Colorado Dep't of State*, 935 F.3d 887, 928 (10th Cir. 2019) (internal quotation omitted). However, to survive a motion to dismiss, "a plaintiff must plead facts sufficient to state a claim to relief that is plausible on its face." *Id.* Plaintiff has not, and cannot, meet this standard with respect to her claim against Mr. Healey.

## ARGUMENT

Lester claims that Defendants (Bridge House and James Healey) interfered with her FMLA rights by terminating her employment before she could take FMLA leave. *See* Compl. ¶ 52. But Lester acknowledges that Mr. Healey was merely her supervisor. *See id.* ¶ 3. Nowhere in her Complaint does she contend that Mr. Healey held a corporate office within Bridge House or that

---

("Healey Declaration") ¶ 3, a true and correct copy of which is attached hereto as <u>Exhibit A</u>. Instead, Bridge House employs Mr. Healey as Program Director. *See id.* ¶ 2.

[2] In fact, Mr. Healey was not involved in the decision to terminate Ms. Lester, nor is he the person that informed her of the termination. *See* Healey Declaration ¶ 4. However, because the Court must "accept all the well-pleaded allegations of the complaint as true," *Baca*, 935 F.3d at 928, Mr. Healey will likewise treat Ms. Lester's allegation as true for purposes of this motion.

he is an owner of Bridge House. Thus Mr. Healey cannot be considered an "employer" under the FMLA.

The FMLA makes it unlawful for any "employer" to interfere with FMLA leave. 29 U.S.C. § 2615(a). An "employer" includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii). Persons found to be "acting in the interest of an employer" are "individually liable for any violations of the requirements of FMLA." 29 C.F.R. § 825.104(d). This language, if construed liberally, could impose FMLA liability on virtually every employee of a company.

Fortunately, the Code of Federal Regulations clarifies that persons "acting in the interest of an employer" means individuals such as "corporate officers." 29 C.F.R. § 825.104(d). On the other hand, "[i]ndividuals who have no corporate role beyond a managerial position are not employers under the FMLA." *Stuart v. Regis Corp.*, No. 1:05CV00016DAK, 2006 WL 1889970, at *6 (D. Utah July 10, 2006) (internal citations omitted); *see also Branham v. Delta Airlines*, 184 F. Supp. 3d 1299, 1314 (D. Utah 2016) (same).[3] This is because the FMLA was not intended to "impose liability on mere supervisory employees as opposed to owners, officers, etc." *Stuart*, 2006 WL 1889970, at *6.[4]

---

[3] *See also Hall v. Life Care Ctrs. of Am., Inc.*, No. 16-2729-JTM, 2017 WL 552393, at *1 (D. Kan. Feb. 10, 2017) ("Generally, an individual supervisor is not considered an employer under the FMLA absent some corporate role beyond his managerial position." (citing *Mondaine v. Am. Drug Stores, Inc.*, 408 F. Supp. 2d 1169, 1186 (D. Kan. 2006) and *Stuart*, 2006 WL 1889970, at *6)).

[4] *But see Rowley v. Brigham Young University*, 372 F. Supp. 3d 1322, 1331–32 (D. Utah 2019) (without addressing *Stuart* and *Branham*, holding department chair of a private university could be individually liable under the FMLA).

Here, Ms. Lester contends that "[b]y terminating [her], Defendants interfered with her attempt to exercise her right to leave protected by the FMLA." Compl. ¶ 52. But Mr. Healey cannot be individually liable for any alleged FMLA interference because he is not, nor has he ever been, a corporate officer or owner of Bridge House. Instead, as pleaded in the Complaint, Mr. Healey is a mere "supervisor." *Id.* ¶ 3. Thus he cannot be held personally liable for any alleged FMLA violation.

## CONCLUSION

Although the FMLA imposes individual liability for interference, that liability extends only to corporate officers and owners. Mr. Healey is not a corporate officer or owner of Defendant Bridge House. He was only ever Plaintiff's supervisor. Thus he cannot be held individually liable under the FMLA. The Court should therefore dismiss Plaintiff's claims against him with prejudice.

Dated this 20th day of November, 2019.

JONES WALDO HOLBROOK & McDONOUGH PC


By:  /s/ *Paul R. Smith*
     Michael Patrick O'Brien
     Mark D. Tolman
     Paul R. Smith
     *Attorneys for Bridge House, LLC and James Healey*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing MOTION TO DISMISS AND MEMORANDUM IN SUPPORT was filed with the clerk of the court using the CM/ECF system on the 20th day of November, 2019, and will be sent electronically to all registered participants as identified on the notice of electronic filing as follows:

> April L. Hollingsworth
> Katie Panzer
> HOLLINGSWORTH LAW OFFICE, LLC
> 1881 S. 1100 E.
> Salt Lake City, Utah 84105
> april@aprilhollingsworthlaw.com
> katie@aprilhollingsworthlaw.com

                                                            */s/ Paul R. Smith*

# EXHIBIT A

1616645.1

Mark D. Tolman (USB #10793)
Michael Patrick O'Brien (USB #4894)
Paul R. Smith (USB #14325)
JONES WALDO HOLBROOK & McDONOUGH, PC
170 S. Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
MTolman@joneswaldo.com

*Attorneys for Defendants Bridge House, LLC and James Healey*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LIBERTY LESTER, an individual, <br><br> Plaintiff, <br><br> v. <br><br> BRIDGE HOUSE, LLC, a Utah limited liability company, and JAMES HEALEY, an individual, <br><br> Defendants. | **DECLARATION OF JAMES HEALEY** <br><br> Civil No. 1:19-cv-00131 |

I, James Healey, being over the age of 18 and having personal knowledge of the averments made below, hereby declare as follows:

1. I am an employee of Bridge House, LLC.

2. Bridge House employs me as a Program Director.

3. I am not now, nor have I ever been, a corporate officer or owner of Bridge House, LLC.

1616814.1

4. I was not involved in the decision to terminate Liberty Lester's employment at Bridge House, nor did I inform Ms. Lester that she was being terminated.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

DATED this *** day of November, 2019.

DECLARANT

*James Healey* 11/18/2019

1616814.1