Michael Patrick O'Brien (USB #4894)
Mark D. Tolman (USB #10793)
Paul R. Smith (USB #14325)
JONES WALDO HOLBROOK & McDONOUGH, PC
170 S. Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
MTolman@joneswaldo.com
MObrien@joneswaldo.com
PSmith@joneswaldo.com

*Attorneys for Defendants Bridge House, LLC and James Healey*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LIBERTY LESTER, an individual, | |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| v. | Case No.: 1:19-cv-00131-EJF |
| BRIDGE HOUSE, LLC, a Utah limited liability company, and JAMES HEALEY, an individual, | Magistrate Judge Evelyn J. Furse |
| Defendants. | |

Defendant Bridge House, LLC ("Bridge House"), by and through its undersigned counsel, hereby responds to the Complaint filed by Plaintiff Liberty Lester and admits, denies, and avers as follows:

## FIRST DEFENSE

Bridge House denies each and every allegation of Lester's Complaint not specifically admitted herein.

## PARTIES

1.        Bridge House lacks knowledge or information sufficient to form a belief regarding the truthfulness of the allegations in Paragraph 1 and therefore denies the same.

2.        Bridge House admits the allegations in paragraph 2.

3.        Bridge House admits the allegations in paragraph 3.

## JURISDICTION AND VENUE

4.        In response to the allegations in paragraph 4, Bridge House admits that Lester worked for Bridge House in Farmington, Utah, and that all of its employment actions concerning Lester took place in Farmington.  Except as expressly admitted, Bridge House denies the allegations in paragraph 4.

5.        Bridge House does not dispute the jurisdiction of the United States District Court to adjudicate this Action.

6.        Bridge House does not dispute that venue is proper within the State of Utah.

7.        While denying all liability, Bridge House admits that Lester filed a Charge of Discrimination with the Utah Labor Commission and Equal Employment Opportunity Commission (EEOC) against it and that she alleged "discrimination based on my pregnancy." Bridge House further admits that the EEOC issued a right to sue notice to Lester dated July 19, 2019, which is a document that speaks for itself.  Lester's employment discrimination and retaliation claims are barred to the extent her allegations vary from her administrative charge. Except as expressly admitted, Bridge House denies the allegations in paragraph 7.

1616582.2

## <u>GENERAL FACTUAL ALLEGATIONS</u>

8.      In response to the allegations in paragraph 8, Bridge House admits that it employed Lester from October 11, 2017 through August 24, 2018.  Except as expressly admitted, Bridge House denies the allegations in paragraph 8.

9.      Bridge House admits the allegations in paragraph 9.

10.     Bridge House admits the allegations in paragraph 10.

11.     In response to the allegations in paragraph 11, Bridge House admits that Lester became pregnant and that she continued to work at Bridge House after announcing to Bridge House that she had become pregnant.  Bridge House lacks knowledge or information sufficient to form a belief regarding the month that Lester became pregnant.  Except as expressly admitted, Bridge House denies the allegations in paragraph 11.

12.     Bridge House denies the allegations in paragraph 12.

13.     Bridge House denies the allegations in paragraph 13.

14.     Bridge House denies the allegations in paragraph 14.

15.     Bridge House denies the allegations in paragraph 15.

16.     Bridge House denies the allegations in paragraph 16.

17.     Bridge House denies the allegations in paragraph 17.

18.     Bridge House denies the allegations in paragraph 18.

19.     In response to the allegations in paragraph 19, Bridge House admits that on or about August 20, 2018, James Healey ("Healey"), Program Director, and Melissa Buchanan ("Buchannan"), Assistant Program Director, asked to meet with Lester.  Except as expressly admitted, Bridge House denies the allegations in paragraph 19.

1616582.2

20.     In response to the allegations in paragraph 20, Bridge House admits that on August 20, 2018, Healey and Buchannan presented Lester a written Employee Counseling Report, which is a document that speaks for itself.  Bridge House denies any attempt to construe the terms, meaning, or legal effect of the Employee Counseling Report.

21.     In response to the allegations in paragraph 21, Bridge House admits that the Employee Counseling Report is a document that speaks for itself.  Bridge House denies any attempt to construe the terms, meaning, or legal effect of the Employee Counseling Report. Bridge House admits that Lester disputed the accuracy of the factual statements contained in the Employee Counseling Report.  Except as expressly admitted, Bridge House denies the allegations in paragraph 21.

22.     Bridge House denies the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Bridge House admits that after Healey and Buchannan presented the Employee Counseling Report to Lester she asked if she could take the document home and if she could leave work early and that Healey and Buchannan granted her requests.  Except as expressly admitted, Bridge House denies the allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Bridge House admits that Lester sent an email to Healey and Buchannan that is dated August 21, 2018 (the "August 21, 2018 Email").  Lester's August 21, 2018 Email is a document that speaks for itself.  Bridge House denies any attempt to construe the terms, meaning, or legal effect of the August 21, 2018 Email.

1616582.2

25.     In response to the allegations in paragraph 25, Bridge House admits that on or about August 22, 2018, Bridge House suspended Lester's employment.  Except as expressly admitted, Bridge House denies the allegations in paragraph 25.

26.     Bridge House admits the allegations in paragraph 26.

27.     In response to the allegations in paragraph 27, Bridge House admits that it terminated Lester's employment on August 24, 2018.  Except as expressly admitted, Bridge House denies the allegations in paragraph 27.

28.     In response to the allegations in paragraph 28, Bridge House admits that Lester's August 21, 2018 Facebook post is a written record that speaks for itself.  Bridge House denies any attempt to construe the terms, meaning, or legal effect of Lester's Facebook post.  Except as expressly admitted, Bridge House denies the allegations in paragraph 28.

29.     In response to the allegations in paragraph 29, Bridge House admits that it terminated Lester's employment on August 24, 2018.  Except as expressly admitted, Bridge House denies the allegations in paragraph 29.

30.     Bridge House denies the allegations in paragraph 30.

31.     Bridge House denies the allegations in paragraph 31.

32.     Bridge House admits the allegations in paragraph 32.

33.     Bridge House admits the allegations in paragraph 33.

34.     Bridge House admits the allegations in paragraph 34.

35.     Bridge House admits the allegations in paragraph 35.

36.     Bridge House denies the allegations in paragraph 36.

1616582.2

37.     In response to the allegations in paragraph 37, Bridge House admits that it terminated Lester's employment on August 24, 2018.  Except as expressly admitted, Bridge House denies the allegations in paragraph 37.

**FIRST CAUSE OF ACTION**
**(Alleged Violation of Title VII against Bridge House)**

38.     In response to the allegations in paragraph 38, Bridge House incorporates its responses as provided to any paragraphs incorporated herein by reference.

39.     Paragraph 39 states only legal conclusions to which no response is required.

40.     Paragraph 40 states only legal conclusions to which no response is required.

41.     Bridge House denies the allegations in paragraph 41.

42.     Bridge House denies the allegations in paragraph 42.

43.     Bridge House denies the allegations in paragraph 43.

44.     Bridge House denies the allegations in paragraph 44.

**SECOND CAUSE OF ACTION**
**(Alleged Violation of the FMLA against all Defendants)**

45.     In response to the allegations in paragraph 45, Bridge House incorporates its responses as provided to any paragraphs incorporated herein by reference.

46.     Bridge House admits the allegations in paragraph 46.

47.     Bridge House denies the allegations in paragraph 47.

48.     Bridge House admits the allegations in paragraph 48.

49.     Paragraph 49 states only legal conclusions to which no response is required.

50.     Paragraph 50 states only legal conclusions to which no response is required.

51.     Bridge House admits the allegations in paragraph 51.

52. Bridge House denies the allegations in paragraph 52.

53. Bridge House denies the allegations in paragraph 53.

### THIRD CAUSE OF ACTION
**(Alleged Violation of ERISA under 29 U.S.C. §1140)**

54. In response to the allegations in paragraph 54, Bridge House incorporates its responses as provided to any paragraphs incorporated herein by reference.

55. Paragraph 55 states only legal conclusions to which no response is required.

56. Bridge House denies the allegations in paragraph 56.

57. Bridge House denies the allegations in paragraph 57.

58. Bridge House denies the allegations in paragraph 58.

59. Bridge House denies the allegations in paragraph 59.

60. Bridge House denies the allegations in paragraph 60.

### THIRD DEFENSE

Lester is barred from recovering any damages which she has failed to mitigate, including but not limited to, her failure to elect continuation health insurance coverage according to the Utah State mini-COBRA regulations when such coverage was offered to her on October 5, 2018, and Lester's failure to timely seek substantially equivalent employment.

### FOURTH DEFENSE

Any other defenses notwithstanding, all actions and/or alleged omissions of Defendants, if any, with respect to Lester, were justifiable and done for good and/or just cause, were within the legitimate exercise of management discretion and business necessity, were done for legitimate, business reasons, were done without any discriminatory or retaliatory purpose or intent, and do not violate any federal, state or other law.

1616582.2

## FIFTH DEFENSE

The acts or omissions of Defendants, of which Lester complains, were reasonable and done in good faith and were not willful, malicious or done in a reckless manner.

## SIXTH DEFENSE

Lester's claim for an alleged violation of the federal Employment Retirement Income Security Act (ERISA) is barred because, when Bridge House terminated Lester's employment it was not a covered employer under ERISA. Instead, Bridge House was subjected only to the Utah mini-COBRA regulations when it terminated Lester's employment. Bridge House complied with its obligations under mini-COBRA when it provided notice to Lester of her rights to continuation health insurance coverage under mini-COBRA on October 5, 2018.

## SEVENTH DEFENSE

Even if Bridge House had been subjected to ERISA when it terminated Lester's employment—which it was not—Lester's claim for a statutory penalty under ERISA is barred, in whole or part, because Bridge House did not act in bad faith and Lester did not suffer prejudice.

## EIGHTH DEFENSE

Any other defense or denial to the contrary notwithstanding, to the extent that Lester's pleadings or proof concerning her employment discrimination and retaliation claims vary from the assertions in her administrative charge, Lester has not satisfied the prerequisite for bringing this claim.

1616582.2

## NINTH DEFENSE

The Complaint is barred, in whole or in part, because even if it is found that any unlawful motive was a factor in terminating Lester's employment, that termination still would have occurred even in the absence of any unlawful motive, given Lester's conduct.

## TENTH DEFENSE

Lester's alleged damages, if any, were caused by Lester's own circumstances, behaviors, and/or actions and thus her claims are barred by the doctrines of waiver, estoppel, and/or unclean hands.

## ELEVENTH DEFENSE

Lester's retaliation claim may be barred, in whole or in part, because she did not engage in conduct that is protected by federal law.

## TWELFTH DEFENSE

Lester's Second Cause of Action is barred, in whole or in part, because she was not an eligible employee under the Family Medical Leave Act at the time of her termination.

## RESERVATION

Bridge House reserves the right to assert additional defenses, affirmative or otherwise, in the event discovery indicates they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Bridge House requests the following relief:

**a.** A denial with prejudice of all claims and/or relief sought whatsoever by Lester;

**b.** For all costs and attorneys' fees incurred in defending the matter; and

c. For such other relief as the Court deems just, equitable and appropriate.

1616582.2

Dated this 20th day of November, 2019.

JONES WALDO HOLBROOK & McDONOUGH PC

By:   /s/ *Paul R. Smith*
         Michael Patrick O'Brien
         Mark D. Tolman
         Paul R. Smith
         *Attorneys for Bridge House, LLC and James Healey*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing ANSWER TO COMPLAINT was filed with the clerk of the court using the CM/ECF system on the 20th day of November, 2019, and will be sent electronically to all registered participants as identified on the notice of electronic filing as follows:

        April L. Hollingsworth
        Katie Panzer
        HOLLINGSWORTH LAW OFFICE, LLC
        1881 S. 1100 E.
        Salt Lake City, Utah 84105
        april@aprilhollingsworthlaw.com
        katie@aprilhollingsworthlaw.com

        /s/ *Paul R. Smith*

1616582.2